**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON ECONOMICS, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FINANCIAL ACCOUNTING FOUNDATION AND FINANCIAL ACCOUNTING STANDARDS BOARD,<br><br>        Defendants. | Case No.: 10-CV-01939-LHK<br><br><br>ORDER DISMISSING CASE FOR LACK OF PERSONAL JURISDICTION |

On May 5, 2010, Plaintiff Silicon Economics, Inc. (Silicon) filed a complaint asserting claims against the Financial Accounting Foundation and Financial Accounting Standards Board (FAF and FASB, and collectively, Defendants). *See* Compl. (Dkt. No 1). Silicon sought a declaratory judgment regarding ownership of an alleged Silicon invention, and asserted antitrust claims against Defendants. On June 1, 2010, Defendants filed a Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), to transfer under 28 U.S.C. § 1404(a), or to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* Motion, Dkt. No. 13. For the reasons stated below, the Court finds that it cannot exercise personal jurisdiction over the Defendants based on the facts presently alleged. Furthermore, the Plaintiff conceded at the hearing on this Motion that if the case were dismissed on this basis, it would not seek to allege additional facts supporting jurisdiction. Thus, the Court DISMISSES this action WITHOUT LEAVE TO AMEND for lack of personal jurisdiction over Defendants.

1

## I. BACKGROUND

Many of the facts relating to personal jurisdiction are undisputed. FAF is a non-profit entity incorporated in Delaware and headquartered in Connecticut. Compl. ¶ 4; Dottori Decl. ISO Motion (Dkt. No. 17) at ¶ 7. FAF governs the FASB, an independent, standards-setting board, also located in Connecticut. Compl. ¶ 5. Neither FAF nor FASB have any physical presence in California. They are not registered in California, have no agent for service of process in California, own no property in California, and do not maintain an office in California. Dottori Decl. ¶ 6. Defendants do not advertise, in California or elsewhere, other than to their existing customers. Dottori Decl. ¶ 8(g). In connection with its mission of creating and distributing financial accounting and reporting standards, the FASB requests feedback from the public on proposed standards. Compl. ¶ 21-22; Dottori Decl. ¶ 8(a)-(c). The FASB maintains a website, accessible in California and everywhere else in the U.S. From the website, visitors may download copies of the FASB accounting standards without charge. Dottori Decl. ¶ 5; Jameson Decl. ¶ 4. FASB also sells printed publications and subscriptions to e-mail updates through its website. Dottori Decl. ¶ 5; Jameson Decl. ¶ 6.

The FASB website lists terms and conditions of use ("Website Terms"). The Website Terms state:

> "Unless we agree in writing in advance, anything you transmit, whether electronically or in hard copy may be used by the FAF/FASB and its affiliates for any purpose, including, but not limited to, reproduction, disclosure, transmission, publication, broadcast and posting. This means that the FAF/FASB may use the ideas, concepts, know-how or techniques you transmit to the Site. We advise that you do not send us confidential or proprietary information unless that is your intent."

In addition to maintaining its website, FASB has hosted at least two Roundtable meetings in California in the last ten years. Jameson Decl. ¶¶ 13-14, Ex. F, G. FASB also periodically sends speakers to present at academic conferences in California hosted by third parties, such as educational institutions. *Id*. Silicon alleges that FASB representatives made presentations at four events in 2006, one event in 2007, two events in 2008, and one event in 2010. *Id*.

The facts underlying Silicon's claims are also largely undisputed. On July 6, 2006, FASB issued a general invitation for public comment (the General Invitation) on its Conceptual

2
Case No.: 10-CV-01939-LHK
ORDER DISMISSING FOR LACK OF PERSONAL JURISDICTION

1  Framework for Financial Reporting, published the same day.  Dottori Decl. ¶ 8(a); Compl. ¶ 21-22.

2  Sometime before November 3, 2006 (the response deadline), Silicon submitted a response to this

3  request, including "briefing on the SEI Invention."  Dottori Decl. ¶ 8(c); Compl. ¶ 23.  Silicon

4  defines its Invention as an accounting method disclosed and claimed in U.S. Patent No. 7,620,573.

5  Jameson Decl. ISO Opp'n. to Motion (Dkt. No. 25) at 7.  FASB reviewed the Silicon submission.

6  Dottori Decl. ¶ 8(c).  On April 2, 2007, at Jameson's request, Jameson met with staff and one

7  FASB board member in Connecticut to discuss the Silicon submission.  Dottori Decl. ¶ 8(d);

8  Jameson Decl. ¶ 9.  Also in April, 2007, Jameson states that he became aware of the Website

9  Terms.  Compl. ¶ 25.  Jameson states that before this time, he was unaware of the Website Terms

10 and that he would not have submitted the information about the Silicon Invention if he had been

11 aware of them.  Compl. ¶ 25; Jameson Decl. ¶ 20.  Jameson claims that he contacted FASB to

12 clarify whether the Website Terms applied to the Silicon Invention, but received no reply.  Compl.

13 ¶ 25.  In 2009, through counsel, the parties discussed this issue.  Compl. ¶26.  Silicon asserts that

14 FASB claims a right or license to the Silicon Invention.  Dottori Decl. ¶4; Compl. ¶ 26.

## II. DISCUSSION

### A. Personal Jurisdiction

"A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-431 (2007).  Therefore, before deciding whether or not Silicon has successfully stated a claim, the Court must decide if it can properly exercise personal jurisdiction over FASB.

Under Ninth Circuit law, the law of the state determines personal jurisdiction when there is no applicable federal statute governing personal jurisdiction.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  California's long arm statute is coextensive with federal due process requirements, so the analysis for personal jurisdiction is the same under both state and federal law.  *Id.* at 801.  A court may exercise personal jurisdiction over a non-resident defendant only when the defendant has "minimum contacts" with the forum state such that jurisdiction "does not offend traditional notions of fair play and substantial justice."  *Id.*

3

Once the defendant has moved to dismiss for a lack of personal jurisdiction, it is the plaintiff's burden to establish that personal jurisdiction is warranted. Both parties may present evidence outside the pleadings. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The plaintiff may not rely solely on the pleadings to carry this burden; however, if the motion is based on the papers rather than on an evidentiary hearing, courts must accept the plaintiff's "uncontroverted allegations" as true. *See Schwarzenegger*, 374 F.3d at 800. Factual disputes between the parties' affidavits must be resolved in favor of the plaintiff's version of the facts. *Id.* Courts should grant leave to amend unless it is clear that amendment is futile and cannot cure the complaint's deficiencies. *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

### i. General Jurisdiction

There are two types of personal jurisdiction: general and specific. For general personal jurisdiction, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* Courts are "understandably reluctant to establish general jurisdiction" because it is such an exacting standard. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171-74 (9th Cir. 2006).

The only acts that FASB or FAF are alleged to have taken in California include occasionally sending representatives to give presentations, hosting two meetings during the last ten years, and providing materials (both for free and for a price) via the FASB website. *See* Jameson Decl., ¶13-1; Opp'n. at 7. Silicon argues that these contacts are sufficient to support general jurisdiction, but provides no support for this claim.

The fact that FASB representatives sometimes travel to California to give presentations or to host meetings is not a sufficient basis to establish general jurisdiction. General jurisdiction is only available when the defendant's contacts are so regular and systematic that they "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotations omitted). The Ninth Circuit has rejected general jurisdiction even in situations where

4

1   the defendant had far more substantial contacts than those asserted here.  *See, e.g.*,
2   *Schwarzenegger*, 374 F.3d at 801 (rejecting general jurisdiction where contacts included sales
3   contracts with California residents and utilization of California marketing and consulting
4   companies); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)
5   (rejecting general jurisdiction where defendant made occasional sales to California residents and
6   had license agreements with California vendors and television networks) (*overruled in part on*
7   *other grounds* by *Yahoo*! *Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199,
8   1207 (9th Cir. 2006) (*en banc*); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990)
9   (finding no general jurisdiction in Washington despite defendant's "advertising in the local media,
10  the mailing of brochures and the payment of commissions to travel agents, the conducting of
11  promotional seminars, and the sale of its vacation cruises to residents of Washington"); *Brand v.*
12  *Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases finding no general
13  jurisdiction despite the defendants' significant contacts with forum).

14       Likewise, Silicon has not carried its burden to show that the FASB website ought to expose
15  FASB to general personal jurisdiction in California.  Although the FASB website is "interactive,"
16  in the sense that it can be used to make purchases of FASB publications, there is no evidence
17  about the level or overall volume of FASB's sales in California, or how this compares to sales
18  from FASB's website in other states.  *See Bancroft & Masters*, 223 F.3d at 1086 (defining an
19  "interactive" website as one that can be used to "make purchases," and holding that "occasional"
20  and "unsolicited" sales in the forum state are insufficient to support general jurisdiction).
21  Generally, Courts have been reluctant to find general jurisdiction based on internet presence alone,
22  even when the defendant hosts a highly interactive website.  *See Coremetrics*, *Inc. v.*
23  *AtomicPark.com*, *LLC*, 370 F. Supp. 2d 1013, 1019-20 (N.D. Cal. 2005) (collecting cases finding
24  no general jurisdiction based solely on website; finding general jurisdiction based on highly-
25  interactive website generating over $3.3M in sales in forum in under a year, in addition to
26  agreements with third parties located in the forum; purchases of over $1M from forum residents;
27  and multiple agreements to submit to personal jurisdiction in the forum).
28

1          Without some evidence of the volume of sales or interactions generated through the FASB
2  website, there is no basis for the Court to conclude that the FASB website generates such "regular
3  and systematic" contacts in California that it "approximates physical presence" here.
4  *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotations omitted).  Considering both
5  Silicon's arguments regarding FASB representatives' occasional visits to California, and the fact
6  that FASB maintains an interactive website, Silicon has failed to carry its burden.  Accordingly, the
7  Court finds that there is no basis to find general jurisdiction over FASB or FAF.

          **ii.  Specific Jurisdiction**

9          If a plaintiff cannot establish general personal jurisdiction, specific personal jurisdiction
10 may still be available.  The Ninth Circuit has adopted a three-part test, requiring the plaintiff to
11 show that:  (1) the defendant purposefully directed its activities at residents of the forum or
12 purposefully availed itself of the privilege of doing business in the forum, (2) the claim arises out
13 of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.
14 *Schwarzenegger*, 374 F.3d at 802.  It is the plaintiff's burden to plead allegations satisfying the first
15 two prongs, and if the plaintiff successfully does so, the burden shifts to the defendant to show why
16 exercise of personal jurisdiction is not reasonable and fair.  *Id*.

17         Plaintiffs may carry their burden regarding the first requirement by showing that the
18 defendant "purposefully directed" conduct toward the forum state, or "purposefully availed" itself
19 of the privilege of doing business in the forum.  *Schwarzenegger*, 374 F.3d at 802.  The
20 "purposeful direction" standard is generally applied in tort cases, while the "purposeful availment"
21 test is more often used in contract cases.  *Id*.

22         At the hearing on this Motion, Silicon argued that its claims are a hybrid of contract and
23 torts theories.  Silicon alleges that FASB has imposed, or attempted to impose, unfair contractual
24 obligations on it via the allegedly hidden Website Terms, and all of its claims are based on the
25 imposition of these terms on Silicon.  Compl. ¶¶ 37-32.  In the Complaint, the only facts alleged to
26 be "wrongful" under the heading "FASB's Wrongful Conduct" involve FASB's failure to disclose
27 the Website Terms, and its refusal to release Silicon from those Terms.  Compl. ¶¶ 21-26.
28 However, Silicon alleges that the imposition of the Website Terms resulted in misappropriation of

6
Case No.: 10-CV-01939-LHK
ORDER DISMISSING FOR LACK OF PERSONAL JURISDICTION

1    its intellectual property.  Thus, the Court will consider FASB's alleged acts under both the

2    "purposeful availment" standard applicable to causes of action sounding in contract, as well as the

3    "purposeful direction" standard applicable to causes of action sounding in tort.

4          Regarding the "purposeful availment," Silicon argues (somewhat misleadingly) that FASB

5    "intentionally . . . solicit[ed] SEI's comments," and that this specific request constituted purposeful

6    availment.  Opp'n. at 10.  However, Silicon has not supported this argument with any evidence to

7    contradict FASB's contention that the General Request was available to the public and was *not*

8    specifically targeted to Silicon.  In fact, Mr. Jameson's declaration, submitted in connection with a

9    previous filing, attaches what he swears is a copy of the General Notice, and it contains no special

10   invitation specifically seeking SEI's response.  *See* Jameson Decl. ISO Mot. for Preliminary

11   Injunction (Dkt. No. 5), Ex. B.  Thus, the Court finds that none of FASB's alleged actions giving

12   rise to Silicon's claims occurred in California.  FASB issued the General Invitation from

13   Connecticut, it reviewed Silicon's response in Connecticut, it responded to Jameson's requests

14   from Connecticut, and it met with him in Connecticut.

15         Even when the defendant has taken no action in the forum, specific jurisdiction may still be

16   proper if the defendant entered into a contract requiring an ongoing relationship with a forum

17   resident.  When analyzing whether a contract gives rise to personal jurisdiction, courts must take a

18   "realistic approach" focusing on "prior negotiations and contemplated future consequences, along

19   with the terms of the contract and the parties' actual course of dealing."  *Burger King Corp. v.*

20   *Rudzewicz*, 471 U.S. 462, 478-79 (1985).  For example, a contract requiring performance in a

21   particular state can provide a basis for personal jurisdiction in that state for claims relating to the

22   contract.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986).  The

23   problem for Silicon is that even if Jameson's submission to FASB created a contract between the

24   parties, it is well-established that a contract with a non-resident defendant, standing alone, does not

25   create jurisdiction over that defendant in the forum state.  *Burger King*, 471 U.S. at 478; *Boschetto*

26   *v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

27         There are no prior negotiations or course-of-dealing between the parties to analyze in this

28   case, since the Website Terms were unilaterally imposed by FASB.  And, because the Website

1   Terms require a simple release of submitted information, there are no "contemplated future
2   consequences" creating an ongoing relationship between FASB and Silicon.  On the contrary,
3   Silicon's contention is that FASB required it to release its rights to any materials submitted via the
4   website.  This is simply not sufficient to support exercising personal jurisdiction over FASB.

5   In the absence of any California acts giving rise to the asserted claims, Silicon relies on the
6   argument that FASB's out-of-state acts meet the standard for "purposeful direction" under the
7   standard for tort-based claims.  The standard requires that the defendant take intentional action
8   which is expressly aimed at the forum state, and which causes harm the defendant knows is likely
9   to be felt in the forum state.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  The
10  Ninth Circuit has found that foreign acts having a foreseeable effect in the forum state alone are
11  insufficient to meet this standard.  Rather, "something more," meaning "express aiming" at the
12  forum, is required.  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir.
13  2010).  In this case, the only "foreign act" that Silicon complains of is FASB's refusal to concede
14  to Silicon's demands to withdraw the Website Terms or to execute a release regarding the Silicon
15  submission, after Silicon voluntarily provided it to FASB.  But Silicon does not explain how
16  FASB's refusals can meet the "express aiming" standard.

17  FASB's refusal to agree to Silicon's request bears no resemblance to the actions that the
18  Ninth Circuit has previously found to meet the "express aiming" standard.  For example,
19  defendant's attempt to extort Panavision by registering its business name as a domain name in a
20  foreign state, and his later demand for $13M to relinquish the name, justified exercise of personal
21  jurisdiction over the defendant in Panavision's home state.  *Panavision Int'l., LP v. Toeppen*, 141
22  F.3d 1316, 1321 (9th Cir. 1998).  Likewise, defendant's infringing publication of copyrighted
23  material on its website justified exercise of personal jurisdiction over the defendant in the district.
24  *Brayton Purcell*, 606 F.3d at 1128 (9th Cir. 2010).  In another case, relied upon by Silicon, the
25  defendants executed "an elaborate scheme to defraud" plaintiff Dole, involving multiple visits by
26  defendants to Dole's offices in California and whereby Dole was induced to enter unfavorable
27  contracts to defendants' benefit.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1109-11 (9th Cir. 2002)
28

Silicon urges the Court to adopt a rule whereby a website imposing terms of use gives rise to personal jurisdiction over the website's owner for any dispute regarding those terms, anywhere the site can be accessed. Such a rule would be inconsistent with the Supreme Court's holding that the unilateral acts of the plaintiff cannot support exercising jurisdiction over the defendant. *See Hanson v. Denckla*, 357 U.S. 235, 253 (U.S. 1958); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) ("[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributable to 'actions by the defendant *himself*,' or conversely to the unilateral activity of another party.") (internal citations omitted). Because Silicon not alleged any facts showing that (a) its claims arise out of acts committed in California by FASB, (b) FASB and Silicon entered a contract supporting the exercise of personal jurisdiction over Defendants in California, or (c) FASB engaged in acts expressly aimed to harm Silicon in California, the Court concludes that Silicon's argument for specific jurisdiction fails on the first two prongs. Accordingly, the Court will not proceed to the "reasonableness" analysis.

### III. DISMISSAL

Courts can dismiss without leave to amend if "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Swartz*, 476 F.3d at 761 (quoting *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). At the hearing on this motion, counsel for Silicon stated that if this matter were dismissed for lack of personal jurisdiction, Silicon would not seek to allege additional facts supporting personal jurisdiction over the Defendants. The Court therefore DISMISSES this case for lack of personal jurisdiction over Defendants, WITHOUT LEAVE TO AMEND. In light of the conclusion that it lacks personal jurisdiction over Defendants, the Court does not reach the questions of whether the matter should be transferred to Connecticut under 28 U.S.C. § 1404(a), or whether Silicon has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

Dated: November 24, 2010

_____
LUCY H. KOH
United States District Judge